THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY KYLES, Defendant-Appellant.

First District (2nd Division)    No. 80-623

Opinion filed December 16, 1980.

1020

James J. Doherty, Public Defender, of Chicago (Robert Guch and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Barbara A. Levin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant, Anthony Kyles, was charged by indictment with the murder of Bryant Terrell. After a bench trial, Kyles was found guilty of voluntary manslaughter (Ill. Rev. Stat. 1975, ch. 38, par. 9—2) and sentenced to a term of 3 years. On appeal defendant raises one issue: whether he was proved guilty beyond a reasonable doubt.

On April 22, 1976, defendant shot and killed Terrell. Testimony at trial indicates that at about 8:40 that evening, Terrell and several acquaintances gathered at a street corner. Defendant approached Terrell, who asked for repayment of a small loan. Defendant first feigned ignorance, then struck Terrell several times. During the ensuing altercation both men made threats to kill the other. The fight ended and defendant walked toward the grounds of a nearby elementary school. Several minutes later Terrell said he was going to return a bicycle in his possession to its owner. He walked in the same direction as defendant.

About 15 to 20 minutes later, gunshots were fired. Wesley Gordon testified he was talking with two friends at the fight scene when he heard a gunshot. Gordon noticed defendant held a large silver gun. He heard more shots accompanied by flashes directed toward Terrell. Terrell then stumbled. Gordon mounted his bicycle and rode to the school grounds. As

Terrell dropped his bike and staggered toward the street and away from defendant, the latter discharged his gun at Terrell twice again. A total of five shots were fired.

Ronald Reynolds' testimony was generally consistent with that of Gordon, except Reynolds did not see a gun.

Defendant was arrested shortly after the shooting. He surrendered a silver .357-caliber handgun, which contained five expended and one live round. No other weapons were found.

Defendant testified he left the scene of the initial altercation to watch a sandlot game of basketball between two other men. At the time he had a revolver tucked into his trousers. He had worn the gun at least three times before that evening. He further testified that Terrell approached him after the game. Terrell allegedly struck defendant, threatened him, and then retreated as defendant rushed Terrell. Defendant stated he noticed Terrell pull something shiny from under his shirt and extend it in a threatening manner. Defendant claimed he feared for his life because Terrell allegedly had a reputation as a dangerous person in the community. Several weeks earlier defendant heard that Terrell had been involved in a previous fight. Defendant claimed he shot Terrell in self-defense.

In rebuttal, Chicago police officer William Kluth testified that shortly after defendant's arrest, defendant stated Terrell had attacked him with a fork and a gun.

After argument of counsel, the trial court found defendant guilty of voluntary manslaughter.

## I.

Defendant contends the evidence is insufficient to prove him guilty of voluntary manslaughter beyond a reasonable doubt. He claims he proffered adequate evidence at trial to raise the issue of self-defense. (See Ill. Rev. Stat. 1975, ch. 38, par. 7—1.) He further claims the State failed to prove beyond a reasonable doubt that he did not act in self-defense. Defendant concludes the State failed to meet its burden of proof.

■■■ The use of force in the defense of a person is legally justified where each of the following elements is present:

> "(1) [T]hat force is threatened against a person; (2) that the person threatened is not the aggressor; (3) that the danger of harm is imminent; (4) that the force threatened is unlawful; (5) that the person threatened must actually believe: (a) that a danger exists, (b) that the use of force is necessary to avert the danger, (c) that the kind and amount of force which he uses is necessary; and (6) that the above beliefs are reasonable." (*People v. Williams* (1965), 56 Ill. App. 2d 159, 165, 205 N.E.2d 749.)

A defense based upon satisfaction of the above elements is an affirmative defense (Ill. Rev. Stat. 1975, ch. 38, par. 7—14), which in the instant case is raised only if defendant presents some evidence regarding each element (Ill. Rev. Stat. 1975, ch. 38, par. 3—2; see also *People v. Williams*, at 166-69). Where such evidence is present, the State must prove beyond a reasonable doubt that defendant did not act in self-defense. (See generally *People v. Williams* (1974), 57 Ill. 2d 239, 242, 311 N.E.2d 681, *cert. denied* (1974), 419 U.S. 1026, 42 L. Ed. 2d 302, 95 S. Ct. 506; *People v. McClain* (1951), 410 Ill. 280, 286, 102 N.E.2d 134.) In addition, the "\* \* \* issue of self defense is ordinarily one of fact and \* \* \* a verdict should not be disturbed unless the evidence is palpably contrary to the verdict or so unsatisfactory as to justify entertaining a reasonable doubt of guilt." (*People v. Dillard* (1972), 5 Ill. App. 3d 896, 901, 284 N.E.2d 490.) Our review of the instant record compels us to conclude, in the light of the above-stated principles, that defendant was proved guilty beyond a reasonable doubt.

■■ The trial court found that defendant failed to adequately raise the issue of self-defense because the only evidence proffered in defendant's behalf was incredible. Defendant did not recall either the sources of his knowledge of Terrell's reputation or the circumstances surrounding the acquisition of that knowledge. Nor did defendant recall when or where he learned of Terrell's alleged involvement in a previous fight. Defendant testified he could not recall the details of the shooting. His allegations of Terrell's aggression were inconsistent. His value as a witness was dependent upon his credibility which the trial court found to be impeached. That finding is supported by the record. Accordingly, insufficient evidence was offered in support of defendant's claim of a reasonable belief that he used appropriate force to avert danger.

■■ Furthermore, even if defendant had successfully raised the issue, the evidence established beyond a reasonable doubt that his conduct was not consistent with the elements of self-defense stated in *People v. Williams* (1965), 56 Ill. App. 2d 159, 165. We believe defendant could not reasonably have believed that homicide was necessary to prevent death or great bodily harm to himself. Finally, if such a belief existed, the force used here was unnecessary to prevent such harm. (See, *e.g.*, *People v. Diaz* (1976), 38 Ill. App. 3d 447, 454, 348 N.E.2d 199, *appeal denied* (1976), 63 Ill. 2d 559.) The evidence at trial was sufficient to prove defendant guilty of voluntary manslaughter. Absent a reasonable doubt, we accordingly affirm defendant's conviction.

Affirmed.

PERLIN, P. J., and STAMOS, J., concur.